**Wilbert E. HACKLEY, Jr., Appellant,**

v.

**Warden BLEDSOE.**

No. 09–2577.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 9, 2009.

Opinion filed: Oct. 29, 2009.

Wilbert E. Hackley, Jr., Lewisburg, PA, pro se.

Kate L. Mershimer, Esq., Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for Warden Bledsoe.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Appellant Wilbert Hackley was sentenced on May 11, 1979 in United States

District Court for the District of Columbia Court to three concurrent ten-year Youth Corrections Act sentences. While serving those sentences, on December 25, 1982, Hackley was involved in a prison riot. Eventually, he was convicted of first degree murder in connection with the death of a prison guard, and, on May 1, 1984, he was sentenced in United States District Court for the Eastern District of Virginia. His sentence for the murder was life imprisonment; in addition, he was sentenced to ten consecutive years for assisting in mutiny and riot, ten consecutive years for conveyance of a weapon within a federal penal institution, and ten consecutive years for assault and impeding an officer in the performance of his official duties, bringing his aggregate federal sentence to life plus 30 years. *See United States v. Hackley,* 164 Fed.Appx. 301 (4th Cir.2006) (affirming denial of section 2255 motion). Although the United States Parole Commission had previously scheduled Hackley's release on parole from the Youth Corrections Act sentences, the new convictions necessitated reconsideration of this decision. Eventually, the Parole Commission granted Hackley parole on his Youth Corrections Act sentences, but this parole was to his federal sentence, not to the community.

The Parole Commission conducted an initial parole hearing for Hackley on the federal sentences on June 24, 1996. It was noted in the Notice of Action relating to this hearing that Hackley had been in federal custody for a total of 146 months as of June 30, 1996 (indicating that his federal sentence began to run on the date he was sentenced). *See* Response to Petition, Exhibit 8. The Commission found his total federal parole guideline range to be 204+ months to be served prior to parole. *Id.* This decision of more than 48 months above the minimum guideline was warranted, in the Commission's view, because of the brutal nature of the killing, and Hackley's particular contribution to it. *Id.* The Commission denied parole, and ordered that Hackley serve another 15 years of his sentence prior to his next reconsideration hearing, which was scheduled for June 2011. *Id.*

Hackley received a statutory interim hearing on June 3, 1998, after which the Parole Commission ordered no change in the prior order that he serve to a 15-year reconsideration hearing. The Commission conducted an interim hearing on June 6, 2000, after which it ordered no change. Again, after a July 1, 2002 hearing, the Commission ordered no change. After interim hearings on June 24, 2004, and again on May 4, 2006, the Commission ordered no change in its order that Hackley serve to a 15-year reconsideration hearing in June 2011. The Commission most recently heard Hackley on April 28, 2008. The Commission again ordered no change in its prior order. On administrative appeal, the National Appeals Board affirmed this decision.

On August 11, 2008, Hackley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, claiming that the Parole Commission violated § 235(b)(3) of the Sentencing Reform Act, 18 U.S.C. § 3551 *et seq.,* and *Lyons v. Mendez,* 303 F.3d 285 (3d Cir. 2002), by not giving him a release date. He also claimed that the Commission disregarded its "rule" that a prisoner who has served 30 years in prison is presumptively entitled to release, and argued there is no rational basis for his having to spend more than 30 total years in custody. The Magistrate Judge filed a Report and Recommendation, in which he recommended that the habeas corpus petition be denied. In an order entered on March 3, 2009, 2009 WL 585505, the District Court adopted the

Report and Recommendation, and denied the petition. Hackley's timely filed motion for reconsideration was denied in an order entered on May 15, 2009, 2009 WL 1392147. Hackley appeals. Our Clerk granted him leave to appeal *in forma pauperis* and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's conclusion of law that Hackley could not be afforded any relief. *See, e.g., Fowler v. U.S. Parole Comm'n,* 94 F.3d 835, 837 (3d Cir.1996); *Barden v. Keohane,* 921 F.2d 476, 479 (3d Cir.1990). We conclude that *Lyons* is inapplicable to Hackley and the Parole Commission has no current obligation under § 235(b)(3) to set a final release date. Furthermore, Hackley is not eligible for mandatory parole after spending 30 total years in custody; he is only eligible for mandatory parole after serving two-thirds of each component of his federal sentence.

The Sentencing Reform Act created new sentencing procedures in the federal system, replacing "indeterminate sentences and the possibility of parole with determinate sentencing and no parole." *Lyons,* 303 F.3d at 288–89 (quoting *Walden v. U.S. Parole Comm'n,* 114 F.3d 1136, 1138 (11th Cir.1997)). It abolished the Parole Commission and repealed federal parole statutes, but § 235 provided a savings provision to keep the Commission and parole statutes in effect for a period of transition to the new system. *Walden,* 114 F.3d at 1138. These transition sections apply to offenses committed before the Act's effective date, which includes Hackley. *Lyons,* 303 F.3d at 288. As originally enacted in 1984, section 235(b)(3) provided that the Commission shall set a release date before the expiration of five years after the effective date of the Act. *See id.* at 288 n. 3. As explained by the District Court, since its original enactment, section 235(b)(3) has been continually amended to extend the five year savings provision for the Commission and parole statutes, *see* District Court Memorandum, at 5; *see also Walden,* 114 F.3d at 1138–39, and the Parole Commission and parole statutes are currently set to expire on October 31, 2011, *see* Pub.L. No. 110–312, § 2, 122 Stat. 3013 (August 12, 2008) (extending savings provision by 24 years after effective date of Sentencing Reform Act).

The Parole Commission has never had to apply § 235(b)(3), because the commencement of the winding up process has been continuously postponed by Congress. The Commission's scheduled abolition currently is October 31, 2011, and it will not have an obligation to set a release date for Hackley until just before that time. Accordingly, the District Court did not err in concluding that the Parole Commission did not violate the Sentencing Reform Act by failing to set a release date for Hackley in the year 2008. The District Court also properly denied Hackley's motion for reconsideration, wherein he attempted to raised a different statutory argument concerning the Parole Commission's 1996 decision in his case. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) (purpose of motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence").

To the extent Hackley intended to raise an ex post facto argument, we conclude that *Lyons,* 303 F.3d 285, does not apply

to him. In *Lyons,* we held that, for persons who committed their crimes between the effective date of the original version of § 235(b)(3) and December 1, 1987, application of the amended version of § 235(b)(3), which permitted the Commission to set a parole eligibility date *outside* the guideline range, violates the ex post facto clause. *See id.* at 293. We found that the effective date of § 235(b)(3) was October 12, 1984. *See id.* Therefore, persons who committed their crimes between October 12, 1984 and December 1, 1987 must receive release dates *within* their parole guideline ranges under the original language of § 235(b)(3), because to apply the later amendment violates ex post facto. Hackley does not fall within this class of persons because he committed the offenses which resulted in his life plus 30 year sentence on December 25, 1982. In any event, because Hackley's recalculated severity rating is Category Eight, *see* Response to Petition, Exhibit 10, and because Category Eight guideline ranges have no upper limit, a decision more than 48 months above the minimum cannot logically be a decision *above* the guideline range. *Madonna v. U.S. Parole Commission,* 900 F.2d 24, 26 (3d Cir.1990).

Last, Hackley's claim that the Commission violated his due process rights by failing to release him after service of 30 years in custody is meritless. The applicable statute provides:

A prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, That the Commission shall not release any such prisoner if it determines that he has seriously or fre-

quently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d). *See also* 28 C.F.R. § 2.53(a).

Hackley's two-thirds date, as computed by the Federal Bureau of Prisons, is April 30, 2034. This is correct, because, properly read, the statute requires service of two-thirds of *"each consecutive term or terms,"* that is, service of 30 years on the life sentence ("after serving thirty years of each consecutive term or terms of more than forty-five years including any life term"), to which is added service of two-thirds of the remaining 30–year aggregate sentence, or 20 years. The statute requires Hackley to serve 50 years, and, given that his federal sentences commenced on May 1, 1984, the mandatory parole date calculated by the BOP is correct. Hackley has not yet served two-thirds of his life plus 30 years federal sentence, and he has no current mandatory right under § 4206(d) to be released on parole.

For the foregoing reasons, we will summarily affirm the orders of the District Court denying the habeas corpus petition and motion for reconsideration.